IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ORIGHOYE DENNIS IYONSI, | CIV. NO. 19-00432 DKW-RT |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT
AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS

Before the Court is Plaintiff Orighoye Dennis Iyonsi's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). ECF No. 2. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").

After careful review of the Application, Complaint, and the supporting documents attached to the Complaint, the Court FINDS and RECOMMENDS that the Complaint fails to state a claim and should be DISMISSED WITHOUT PREJUDICE. The Court further FINDS and RECOMMENDS that the Application be DENIED WITHOUT PREJUDICE as moot.

<u>DISCUSSION</u>

Plaintiff is a pro se litigant.  On August 12, 2019, Plaintiff filed a document titled "Brief for the United States as Amicus Curiae" ("Complaint") and indicated on the document: "In the United States' Federal District Court of Hawaii" and "The State of Hawaiʻi of Appeals for the Federal District Circuit Court."  ECF No. 1.  The Supreme Court has instructed the federal courts to liberally construe the "inartful pleading[s]" of pro se litigants.  <u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982).  The Court will liberally construe Plaintiff's document as a Complaint even though the face of the document states: "Brief for the United States as Amicus Curiae."

The Court declines to construe Plaintiff's Complaint as motion for leave to file an amicus brief.  An amicus curiae is defined as "[a] person who is not a party to a lawsuit but who petitions the court or is requested by the court to file a brief in the action because that person has a strong interest in the subject matter." *Amicus curiae*, BLACK'S LAW DICTIONARY (9th ed. 2009).  The court has broad discretion to appoint amicus curiae when there is an existing action.  <u>See</u> Fed. R. App. P. 29; <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1260 (9th Cir. 1982).  Here, there is no existing, underlying case to which Plaintiff is seeking to file his August 12, 2019 document.  Thus, the Court finds it appropriate to construe Plaintiff's August 12, 2019 filing as his Complaint.  If Plaintiff indeed intended his document be an amicus brief to a

particular case, he must request for leave to file an amicus brief and he must file his request in that case.

This court is neither an appellate court nor a state court. However, liberally construing Plaintiff's Complaint, the Court finds that Plaintiff intended to file his Complaint in this court even though his Complaint states "The State of Hawaiʻi of Appeals for the Federal District Circuit Court."

The Court now turns to Plaintiff's Complaint and Application.

I.    Dismissal of the Complaint

Plaintiff seeks the Court's approval to proceed in forma pauperis. A court may authorize the commencement or prosecution of any suit or civil proceeding without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. §1915(a)(1). However, "the court shall dismiss the case at any time if the court determines that--

(A)  The allegation of poverty is untrue; or

(B)  The action or appeal--

   (i)    is frivolous or malicious;

   (ii)   fails to state a claim on which relief may be granted; or

   (iii)  seeks monetary relief against a defendant who is immune from
          such relief."

Id. A court may thus deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the complaint that the action

3

fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998).

Here, the Court finds that the Complaint fails to state a claim.  Plaintiff's Complaint consists of numerous citations and quotes to the Constitution of the United States of America.  Plaintiff's sections are labeled, *inter alia*, motion to compel, constitutional challenge, persons as property, copyright of persons, the brain as an intellectual property, and war crimes.  However, the arguments under these sections are nonsensical.  For example, the motion to compel section is not related to any discovery argument.  Further, in other sections, Plaintiff refers to the importation of human organs, biological patents, the Patriot Act, and "superior respondeat" without any intelligible explanation and in a seemingly random matter.

"A complaint filed in forma pauperis is not automatically frivolous . . . because it fails to state a claim."  Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint is frivolous if "it has no arguable substance of law or fact."  Tripati, 821 F.2d at 1370 (citations omitted); Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  Neitzke, 490 U.S. at 325.

Even if Plaintiff's Complaint is construed liberally as required by Bernhardt v. Los Angeles, the Complaint is incomprehensible.  Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757

(9th Cir. 2003).  Rule 8 of the Federal Rules of Civil Procedure ("FRCP") requires that pleadings contain "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "The Federal Rules require that averments 'be simple, concise and direct.'"  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

FRCP 8 does not demand detailed factual allegations.  Nevertheless, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

The Complaint contains numerous, generalized allegations, but does not clearly state any claim.  In the "Civil Rights" section in the Complaint, there is brief reference to possible claims in that Plaintiff contends his freedom of

5

expression and his individual rights and civil rights were violated due to

incarceration:

> Which with regards to liberty which grants one a right to freely express
> an opinion or thought without prejudice in publications in form of
> stories/art but subject to conspiratory, traitoristic, terroristic and spying
> accusations brought fought without due evidence to suggest otherwise
> is both a violation of my rights to freedom of expression and as such
> subjects my presence in the United States of America a violation of both
> my individual rights and civil rights subjecting me to threats,
> oppression, and intimidation based on title 18 section 241 conspiracy
> against rights . . . thereby creating an undue or unwarranted treatments
> due to this with time spent incarcerated for an unlawful detention with
> no evidence to back up the crime as well as multiple failures to appear
> summons brought upon me by a judge or providing me with a lawyer
> upon multiple request after an extensive duration being locked up with
> my presence still at the jail cell resulting in a conspiracy by law for
> superior respondeat to keep me in a situation I didn't want to be . . .

Complaint, p. 18 (errors in original).  However, there are no details about the

circumstances of his incarceration, how his incarceration may have been unlawful,

or any other factual information showing that the claims asserted are plausible on

its face.  The Court cannot find that there could be a reasonable inference that the

named defendant, the United States of America, may be liable when there is an

absence of information.  Accordingly, the Court FINDS that the Complaint should

be dismissed without prejudice.

II.    Denial of the Application

As stated earlier, a court may authorize a litigant to commence or prosecute

a suit without prepayment of fees if the litigant's affidavit states that the litigant is

unable to pay the required fees.  28 U.S.C. § 1915(a)(1); see Escobedo v.

Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)) (the affidavit "is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life"). The litigant "need not be absolutely destitute[,] . . . but must allege poverty with some particularity, definiteness and certainty." Escobedo, 787 F.3d at 1234 (citations omitted) (internal quotations omitted).

In this case, Plaintiff's affidavit indicates that he has no assets or income. However, as stated in Iyonsi v. Honolulu Police Dep't, Plaintiff has a case pending in this district that challenges Walmart's policy for purchases using an EBT card. Iyonsi v. Honolulu Police Dep't, Civ. No. 19-00429 JAO-KJM, 2019 WL 4131704, at *1 (D. Haw. Aug. 29, 2019); see Iyonsi v. Wal-Mart Inc., Civ. No. 19-00430 JMS-RT. Plaintiff's claim in the Wal-Mart case suggests that he may be receiving income in the form of food stamps. Plaintiff failed to disclose this fact in his affidavit. Nevertheless, given the dismissal of the Complaint, the Application is moot and will not be addressed.

If Plaintiff chooses to submit another application for in forma pauperis, he may not omit any financial information about his assets or income. Pursuant to 28 U.S.C. §1915(a)(1), the Court may dismiss the case if it finds that allegations of poverty are untrue.

III.    <u>Leave to Amend</u>

If the court dismisses the complaint, it should grant leave to amend the pleading even if no request was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>see</u> <u>also</u> <u>Tripati v. First Nat'l Bank & Trust</u>, 821 F.2d 1368, 1370 (9th Cir. 1987).  Specifically, "*pro se* plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  <u>Tripati</u>, 821 F.2d 1370 (quoting <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)).  Because Plaintiff is proceeding pro se and it is not clear that the deficiencies cannot be cured by amendment, the Court RECOMMENDS that the dismissal be without prejudice and that Plaintiff be allowed to amend the Complaint.  Plaintiff is cautioned that the failure to timely file an amended complaint along with the requisite filing fee or another In Forma Pauperis Application, will result in the dismissal of the action.

Plaintiff's amended complaint should comply with the Federal Rules of Civil Procedure ("FRCP") and the Local Rules.  Plaintiff's amended complaint must clearly and concisely state his claims and factual allegations as required under FRCP 8.  Plaintiff's claims and allegations should be in "numbered paragraphs, each limited as far as practicable to a single set of circumstances" as

required by FRCP 10(b).  "If doing so would promote clarity, each claim founded

on a separate transaction or occurrence . . . must be stated in a separate count."  Id.

Further, Plaintiff is reminded that he has a duty to litigate his case and "to

take all steps necessary to bring an action to readiness for trial."  Local Rule 16.1.

Plaintiff is also required to "abide by all local, federal, and other applicable rules

and/or statutes."  Local Rule 81.1.  Failure to meet this duty or to comply with the

rules could result in sanctions or dismissal of this case.

## CONCLUSION

The Court makes the following FINDINGS and RECOMMENDATIONS:

1) The Complaint be DISMISSED with leave to amend;

2) Plaintiff be GRANTED until November 15, 2019 to file an amended

   complaint curing all deficiencies;

3) Plaintiff is instructed to title the amended pleading as "First Amended

   Complaint"; and

//

//

//

//

//

//

9

4)  Deny the In Forma Pauperis Application as moot.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, September 20, 2019.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

_____

Civ. No. 19-432 DKW-RT; *Iyonsi v. United States of America*; Application to Proceed in District Court Without Prepaying Fees or Costs.