IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| ORIGHOYE DENNIS IYONSI, | Case No. 19-cv-00432-DKW-RT |
|---|---|
| Plaintiff, | **ORDER (1) DISMISSING AMENDED COMPLAINTS WITHOUT LEAVE TO AMEND; AND (2) DENYING AS MOOT MOTION FOR CHANGE IN VENUE.**[1] |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

On October 8, 2019, this Court adopted the Magistrate Judge's findings and recommendation (F&R) to dismiss without prejudice Plaintiff Orighoye Dennis Iyonsi's pro se complaint against the United States of America and deny as moot Iyonsi's application to proceed in forma pauperis. Dkt. No. 18. Among other things, the Magistrate Judge found that the complaint failed to clearly set forth a plausible claim against the United States. Dkt. No. 11. After entry of the F&R, but before its adoption, Iyonsi filed two separate amended complaints–one against the United States and one against Queen's Medical Center Security. Dkt. Nos. 12-13. He did not, however, file a new application to proceed in forma pauperis.

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

Subsequently, Iyonsi has also filed a motion for change in venue, asking for this case to be transferred to the Netherlands. Dkt. No. 19.

With respect to Iyonsi's amended complaints, he was not provided leave to file a complaint against Queen's Medical Center Security. Therefore, that amended complaint, Dkt. No. 13, is DISMISSED WITHOUT PREJUDICE and without leave to amend. The amended complaint against the United States fails to address any of the deficiencies set forth in the F&R with respect to the original complaint, largely because it is almost identical to the original. Therefore, that amended complaint, Dkt. No. 12, is DISMISSED. Further, dismissal is WITH PREJUDICE and without leave to amend in light of Iyonsi's failure to make even a basic attempt to cure the deficiencies in his allegations. Finally, because Iyonsi has failed to state a plausible claim for relief, the motion for change in venue is DENIED AS MOOT.

## I. Screening

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court liberally construes a pro se complaint.

*Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).[2]

As mentioned, Iyonsi has filed two separate amended complaints in this case since entry of the F&R. One is captioned as an amended complaint against the United States, Dkt. No. 12, the other is captioned as an amended complaint against Queen's Medical Center Security, Dkt. No. 13. The original complaint, Dkt. No. 1, was asserted against only the United States. Further, nothing in the F&R can closely be construed as suggesting that Iyonsi had been provided leave to not only add a new defendant to this case, but also file a standalone complaint against that new defendant. Therefore, the Court will not further address the amended complaint against Queen's Medical Center Security, Dkt. No. 13, other than to DISMISS the same WITHOUT PREJUDICE and without leave to amend. Should Iyonsi wish to pursue a claim (or claims) against Queen's Medical Center Security, he must do so by initiating a new civil action, which, among other things,

---

[2]Although Iyonsi has not filed a new application to proceed in forma pauperis, in light of certain assertions across various filings, the Court is willing to assume that Iyonsi intends to rely upon his original application for purposes of his amended complaints. Therefore, for purposes of this case only, the Court will assume that an application (Dkt. No. 2) is pending. That being said, the Court need not assess the sufficiency of the financial assertions in the application, in light of the clear deficiencies with the substance of the amended complaints.

would require either paying a filing fee or submitting an application to proceed in forma pauperis in that new action.

      This leaves the amended complaint against the United States. Although the Court liberally construes the foregoing as Iyonsi's attempt to cure the deficiencies identified in the F&R, the Court's construction can only go so far given that the amended complaint is almost identical to the original complaint. In fact, the *only* apparent changes are the addition of a sentence regarding "Judges [*sic*] Rom Trader's refusal to state reasons for his recusal…," Dkt. No. 12 at 11,[3] and a sentence under the title "Claims" that reads: "As with the adjudication of laws and its subsequent enforcement, implying a violation thereof, statutes and its violations are assigned claims in regards, and are subject to the courts on discretionary assignment of deliberation[,]" *id*. at 20. Those additions do not provide any greater clarity to precisely what it is Iyonsi is attempting to achieve in this case than the rest of the assertions in the amended complaint.[4] As a result, the amended complaint against the United States, Dkt. No. 12, is DISMISSED WITH

---

[3]The Court notes that Magistrate Judge Trader has not recused himself from this case. Instead, Judge Kobayashi recused herself from this case. Dkt. No. 5.
[4]As the Magistrate Judge observed, while the only possible wrongdoing to which Iyonsi may point concerns an alleged period of incarceration he may have suffered and matters attendant to the same, *see* Dkt. No. 12 at 17, no facts are alleged that he has a plausible claim related thereto or against whom any such claim would be made, *see* F&R at 5-6 (Dkt. No. 11). Given that these allegations in the amended complaint have not changed from those in the original, the Court assumes Iyonsi has no plausible claim to assert.

PREJUDICE for failure to state a claim and without leave to amend. *See Loos v. Immersion Corp.*, 762 F.3d 880, 890-891 (9th Cir. 2014) (affirming the dismissal of an amended complaint without leave to amend because the plaintiff failed to address deficiencies identified in the original complaint and "essentially re-pled the same facts and legal theories in his amended complaint….") (quotation omitted).

## II.   Motion for Change in Venue

In light of the Court's findings that Iyonsi has failed to state a claim for relief and that leave to amend is not warranted, the motion for change in venue, Dkt. No. 19, is DENIED AS MOOT.[5]

## III.   Conclusion

For the reasons set forth herein, (1) the amended complaint against the United States, Dkt. No. 12, is DISMISSED WITH PREJUDICE and without leave to amend, (2) the amended complaint against Queen's Medical Center Security,

---

[5] The Court notes that, even if not moot, venue could not be transferred to the Netherlands given that the court Iyonsi identifies is not another "district" for purposes of the venue statute. *See* 28 U.S.C. § 1404(a) ("a district court may transfer any civil action to any other district or division where it might have been brought…."). Moreover, other than his displeasure with rulings in this case, Iyonsi provides no reason for a transfer.

Dkt. No. 13, is DISMISSED WITHOUT PREJUDICE and without leave to amend, and (3) the motion for change in venue, Dkt. No. 19, is DENIED AS MOOT.

The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: October 17, 2019 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

ORIGHOYE DENNIS IYONSI v. USA; Civil No. 19-00432 DKW-RT; **ORDER (1) DISMISSING AMENDED COMPLAINTS WITHOUT LEAVE TO AMEND; AND (2) DENYING AS MOOT MOTION FOR CHANGE IN VENUE**